STATE OF CONNECTICUT *v.* ANTHONY DELMONACO

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued May 2—decided June 8, 1973

*Louis RisCassi,* special public defender, for the appellant (defendant).

*Richard E. Maloney,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

HOUSE, C. J. The defendant was accused of being an accessory to the crime of breaking and entering with criminal intent in violation of §§ 54-196 and 53-76 of the General Statutes in one count and of the crime of larceny in violation of §§ 53-63 and 53-65 in a second count. On a trial to a jury, he was found guilty on the first count and not guilty on the second count. The defendant appealed from the judgment rendered on the verdict and from the denial of his motion to set aside the verdict.

The only assignment of error pressed and briefed on appeal concerns the court's ruling on the admissibility of certain evidence. The state offered to prove that Robert DeJohn, after talking with a detective in his office in the Wethersfield police department, made a telephone call to the defendant and that the detective picked up an extension telephone and listened to the conversation in the course of which the defendant made several admissions. The court, in the absence of the jury, heard the parties on the issue of whether the detective's testimony concerning the admissions was admissible in evidence for the consideration of the jury. The defendant's grounds of objection included the claim that the eavesdropping by the detective was an unlawful interference with the defendant's telephone communication, that "there was no consent by the man, DeJohn" and that there was no previous consent by the accused or the recipient or the sender of this communication. Although both the detective and DeJohn were available to testify on the issue of consent, and the defendant stated to the court that he was prepared at that preliminary hearing in the absence of the jury to offer DeJohn as a witness "to the effect there was no consent," the court expressly declined to decide whether either

party to the telephone conversation had consented to its being overheard.[1] Over the proper objections and exceptions of the defendant, the detective was then permitted to relate to the jury portions of the overheard telephone conversation. That the undecided question of consent was a contested issue of significance is indicated by the fact that DeJohn was called as a defense witness after the state had rested and testified that he had telephoned the defendant in the hope that he could get a bondsman for him, that so far as he knew only he and the defendant were on the telephone and no one was listening in and he gave no one consent to listen in on the conversation he was having with the defendant.

Where a party to a telephone conversation has a reasonably justifiable expectation of privacy, evidence obtained as a result of intrusion by governmental authorities is inadmissible in the absence of a warrant. *Katz* v. *United States,* 389 U.S. 347, 88 S. Ct. 507, 19 L. Ed. 2d 576. The constitutionally protected expectation of privacy does not, however, shield a conversant from the possibility that the other party may be an informer or a government agent. *Hoffa* v. *United States,* 385 U.S. 293, 301, 87 S. Ct. 408, 17 L. Ed. 2d 374. Where testimony of the informer would be admissible, so are recorded evidence and recollections of the eavesdropper. "If the conduct and revelations of an agent operating without electronic equipment do not invade the de-

---

[1] The following colloquy appears in the record: "Mr. Faulise: . . . Your Honor, I respectfully make inquiry. Does Your Honor have to rule there was consent by the parties communicating? Does Your Honor feel you have to make that determination? The Court: No, I don't feel I have to make that determination as was just stated by counsel."

fendant's constitutionally justifiable expectations of privacy, neither does a simultaneous recording of the same conversations made by the agent or by others from transmissions received from the agent to whom the defendant is talking and whose trustworthiness the defendant necessarily risks." *United States* v. *White,* 401 U.S. 745, 751, 91 S. Ct. 1122, 28 L. Ed. 2d 453.

Thus, where one conversant on a telephone consents to the listening-in by another of an otherwise protected conversation, evidence resulting from the listening-in is admissible. "Each party to a telephone conversation takes the risk that the other party may have an extension telephone and may allow another to overhear the conversation." *Rathbun* v. *United States,* 355 U.S. 107, 111, 78 S. Ct. 161, 2 L. Ed. 2d 134.[2] That consent of one of the parties to a conversation to its overhearing is dispositive of the admissibility of evidence garnered therefrom has been recognized consistently by the Second Circuit Court of Appeals; see, e.g., *United States* v. *Koska,* 443 F.2d 1167; *United States* v. *Kaufer,* 406 F.2d 550, aff'd, 394 U.S. 458, 89 S. Ct. 1223, 22 L. Ed. 2d 414; *United States* v. *Jackson,* 390 F.2d 317, cert. denied, 392 U.S. 935, 88 S. Ct. 2304, 20 L. Ed. 2d 1394, and by this court in *State* v. *Mortoro,* 160 Conn. 378, 279 A.2d 546. The United States Supreme Court noted as determinative the lack of consent to telephonic eavesdropping in *Lee* v. *Florida,* 392 U.S. 378, 381, 88 S. Ct. 2096, 20 L. Ed. 2d 1166.

[2] *Rathbun* v. *United States,* 355 U.S. 107, 78 S. Ct. 161, 2 L. Ed. 2d 134, was decided on a statutory rather than on a constitutional basis. The same reasoning with respect to risk analysis, however, was engaged in the later case of *White* v. *United States,* 401 U.S. 745, 91 S. Ct. 1122, 28 L. Ed. 2d 453, which was decided on constitutional grounds.

There is no merit to the contention of the defendant that the practice of telephonic eavesdropping, where one party consents, is prohibited by federal statute. See the Omnibus Crime and Safe Streets Act of 1961, 82 Stat. 214, 18 U.S.C. § 2511 (2) (c); *Rathbun* v. *United States,* supra, 753; *State* v. *Mortoro,* supra, 386; ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Electronic Surveillance § 4.1.

In the circumstances of this case, the factual issue of whether DeJohn consented to the eavesdropping should have controlled the admissibility of the detective's testimony. Because the court declined to rule on consent prior to the admission of the testimony, there is error and a new trial is necessary.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.