No. 26733

**The People of the State of Colorado v.
Steve G. Morton and Gale D. Oswalt**

(539 P.2d 1255)

Decided August 5, 1975.

Nolan L. Brown, District Attorney, T. W. Norman, Deputy, for plaintiff-appellant.

James A. Littlepage, Gene F. Reardon, for defendant-appellee Morton.

Tallmadge, Tallmadge, Wallace and Hahn, Harvey P. Wallace, C. Thomas Bastien, for defendant-appellant Oswalt.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an interlocutory appeal brought by the Jefferson County District Attorney in which the People seek relief from an order of the Jefferson County District Court, suppressing certain tape recorded communications between the defendants and a private investigator, Antonio Tromp.

On March 4, 1974, Tromp, a licensed private investigator was contacted by defendant Oswalt for the purpose of obtaining Tromp's services in establishing a method of telephonic interception for a client. Tromp declined the offer on the ground that he felt it would involve him in illegal activity. Thereafter, he contacted the Jefferson County District Attorney's office, and also met with Agent Igoe of the Lakewood Department of Public Safety, to whom he reported this conversation with Oswalt. During the meeting with Igoe, Tromp contacted Oswalt by phone and informed Oswalt that he had changed his mind, and a meeting was arranged between Tromp, Oswalt and Oswalt's client.

On the designated meeting day, Tromp, Oswalt, and Morton (Oswalt's client) carried on a conversation in Tromp's car in which they discussed wiretaps that Tromp was to place on certain telephones. Morton gave Tromp a $50 retainer for his anticipated services. The conversations in Tromp's automobile were recorded by Tromp by the use of a tape recorder hidden under the seat and operated by an on-off toggle switch located at the driver's seat. Electronic recordings had also been made by

Tromp of the telephone conversations between himself and Oswalt. Tromp at all times knew of and consented to the recordings of the conversations.

The defendants were charged with conspiracy to commit the crime of illegal wiretapping. They moved to have Tromp barred from testifying as to the content of the conversations. The trial court granted the motion.

On appeal here, the People contend that there is neither a statutory nor a constitutional impediment to the use of the recorded conversations, and they should be admissible in the trial against the defendants. The defendants argue that while there may not be a federal constitutional or statutory right to have the evidence suppressed, there is such a right under Colorado statute, Section 16-15-101(1), C.R.S. 1973 and Section 16-15-102(10), C.R.S. 1973. We think the position taken by the People is the correct one, and we therefore reverse the order of the trial court.

## I.

■. At the outset, we note that there is no real dispute between the parties as to whether the introduction of the recorded conversations would violate defendant's Fourth Amendment rights. Indeed, it appears that the United States Supreme Court has settled that question in *United States v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453, where Mr. Justice White, writing for a plurality of the Court, stated:

"Concededly a police agent who conceals his police connections may write down for official use his conversations with a defendant and testify concerning them, without a warrant authorizing his encounters with the defendant and without otherwise violating the latter's Fourth Amendment rights. *Hoffa v. United States*, 385 U.S., at 300-303. *For constitutional purposes, no different result is required if the agent instead of immediately reporting and transcribing his conversations with defendant, either (1) simultaneously records them with electronic equipment which he is carrying on his person, . . .* (2) or carries radio equipment which simultaneously transmits the conversations either to recording equipment located elsewhere or to other agents monitoring the transmitting frequency . . . If the conduct and revelations of an agent operating without electronic equipment do not invade the defendant's constitutionally justifiable expectations of privacy, neither does a simultaneous recording of the same conversations made by the agent or by others from the transmissions received from the agent to whom the defendant is talking and whose trustworthiness the defendant necessarily risks." 401 U.S. at 751. (citations omitted) (emphasis added).

■ Accordingly, we find no Fourth or Fourteenth Amendment rights violated by the use of the evidence electronically obtained here.

## II.

The defendants contend, however, that the State of Colorado, free to "impose higher standards on searches and seizures than required by the Federal Constitution . . ." *Cooper v. California*, 386 U.S. 58, 62, 87 S.Ct. 788, 17 L.Ed.2d 730, has done so in Section 16-15-101(1), ʻ. ᴿ S. 1973, and Section 16-15-102(10), C.R.S. 1973. We disagree.

Article 15 of Chapter 16, C.R.S. 1973 deals with "Wiretapping and Eavesdropping," the situations in which an ex parte order may issue for that activity, and the procedure involved. Section 16-15-102(10), C.R.S. 1973, states, in relevant part:

"(10) Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the state of Colorado, or a political subdivision thereof, may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom, on the grounds that: The communication was unlawfully intercepted; . . ."

■ The defendants contend that under Section 16-15-101(1), they are "Aggrieved Persons," and further, that that section also makes unlawful the kind of electronic recording involved in this case. However, while that section defines an aggrieved person as anyone "who was a party to any intercepted wire or oral communication," that statute is merely definitional, and proscribes nothing. The critical requirement of Section 16-15-102(10), that "the communication was unlawfully intercepted," is not satisfied by the fact that the defendants may arguably be included within the definition of "Aggrieved Parties."

■ On the contrary, for the exclusionary application of Section 16-15-102(10) to be operative, it must not only be at the behest of an aggrieved party, but, critically, it must be shown that the communication was *unlawfully* intercepted. Moreover, in order to make that determination, one must look to the prohibitory statutes on wiretapping and eavesdropping. Since those statutes, Section 18-9-303 and 18-9-304, C.R.S. 1973, do not prohibit or make unlawful the kind of consensual situation present here, where one party to the conversation agrees to the recording, there is no "unlawful interception" within the meaning of Section 16-15-102(10). That section is, therefore, not applicable, and the evidence should not have been suppressed.

The order of the district court is reversed.