145 N.J. Super. 22 (1976)
366 A.2d 996
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY ANEPETE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 6, 1976.
Decided October 19, 1976.
*23 Before Judges LORA, CRANE and MICHELS.
*24 Messrs. Cascone & Hofing, attorneys for appellant (Mr. Seymour Hundley, Jr., of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Ms. Jane E. Deaterly, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was found guilty by a jury of larceny and was sentenced to Mercer County Corrections Center for a term of 12 months, six months of which were suspended. He appeals.
According to the State's proofs, defendant, a police officer employed by the City of Trenton, and another police officer stole automobile tires, oil and filters from a gas station located in Trenton. Part of the State's proofs consisted of a taped conversation between defendant and Joseph Galambos, an employee of the gas station, in which defendant made incriminating statements. Prior to the conversation Galambos had consented to wear an electronic transmitter which was placed on his person and enabled the police investigating the theft to overhear and record the conversation between Galambos and defendant.
Defendant does not contend that the verdict was contrary to the weight of the evidence. Rather, in his brief he raises the following issues:
POINT I Whether or not defendant's Fourth Amendment right to privacy as protected by the amendment's prohibition against unreasonable search and seizure was violated where defendant's incriminating statements, induced to be made by a party to the conversation who was equipped with a concealed microphone, were transmitted to, overheard and recorded by law enforcement officers secreted in close proximity to the place where such statements were made.
POINT II To protect essential civil rights and liberties by the Bill of Rights against arbitrary police action, constitutional safeguards guaranteed to all people involved in criminal proceeding are not to be circumvented by State action.

*25 POINT III Failure of trial court to recognize the circumvention of the defendant's Fourth, Fifth and Sixth Amendment right under the Federal Constitution was plain error sufficient to warrant a reversal of defendant's conviction of larceny.
We have considered each of these issues and the arguments advanced in support of them and find them clearly without merit.
At the outset we note that a motion to suppress evidence obtained in violation of the Fourth Amendment must be made before trial; otherwise it is deemed waived. R. 3:5-7(a) and (c). See State v. McKnight, 52 N.J. 35, 48 (1968); State v. Jordan, 115 N.J. Super. 73, 76 (App. Div.), certif. den. 59 N.J. 293 (1971); State v. Cox, 114 N.J. Super. 556, 559-560 (App. Div.), certif. den. 58 N.J. 93 (1971). Here, no such motion to suppress the recorded conversation was made, nor was any objection to such evidence as the product of an unconstitutional search made at the trial, and no justification has been offered by defendant for his failure to invoke R. 3:5-7(a). Consequently, defendant has waived any objection to the admissibility of the recordings on Fourth Amendment grounds. Cf. State v. DiRienzo, 53 N.J. 360, 384 (1969).
Notwithstanding this, we have considered the merits of defendant's claim that the recording of his conversation without a court order constituted an unreasonable search and seizure and violated his Fourth Amendment rights. The electronic transmission of the conversation between defendant and Galambos, although obtained without a court authorization, fully complied with the provisions of the New Jersey Wiretapping and Electronic Surveillance Control Act. N.J.S.A. 2A:156A-1, et seq. Galambos, who was a party to the communication, had given prior consent to the transmission and recording of his conversation, and consequently the interception was not unlawful. N.J.S.A. 2A:156A-4. In these circumstances we are satisfied that no interest legitimately protected by the Fourth Amendment is involved, and *26 that the recording was properly admitted in evidence. See United States v. White, 401 U.S. 745, 749-750, 91 S.Ct. 1122, 1124-1125, 28 L.Ed.2d 453, 457-458 (1971); Hoffa v. United States, 385 U.S. 293, 300-303, 87 S.Ct. 408, 412-414, 17 L.Ed.2d 374, 381-383 (1966); Lopez v. United States, 373 U.S. 427, 437-439, 83 S.Ct. 1381, 1387-1388, 10 L.Ed.2d 462, 469-471 (1963); On Lee v. United States, 343 U.S. 747, 753-754, 72 S.Ct. 967, 972, 96 L.Ed. 1270, 1275-1276 (1952). But cf. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).
We are also satisfied that there is no merit in the claim that defendant's Fifth and Sixth Amendment rights were violated. Substantially the same arguments made here were made and rejected by the United States Supreme Court in Hoffa v. United States, supra. Furthermore, defendant's claim that the "broad sweep of Miranda engulfs the facts surrounding his interrogation and arrest which was a conscious circumvention of his constitutionally safeguarded rights" is frivolous. The constitutional safeguards set down in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), are not involved, and no constitutional right guaranteed defendant was infringed by transmitting and recording his conversation with Galambos. Accordingly, we are satisfied that the trial judge did not commit any error, let alone plain error, in admitting in evidence the recorded conversation between defendant and Galambos. See R. 2:10-2.
Beyond this, even making a dubious assumption that error was committed by the trial judge, as claimed by defendant, that error did not, in view of the evidence of guilt, reach dimensions "sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached." State v. Macon, 57 N.J. 325, 336 (1971). See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
Affirmed.