■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS PHILLIPS, Also Known as BOB PETERSON, Appellant.—Appeal by defendant from two judgments of the County Court, Rockland County, both rendered October 22, 1975, convicting him of criminal sale of a controlled substance in the second degree (Indictment No. 75-26) and criminal possession of a controlled substance in the second degree (Indictment No. 75-31), upon his pleas of guilty, and imposing sentence. The appeal brings up for review an order of the same court, dated September 16, 1975, which, after a hearing, denied defendant's motion to suppress testimony as to "conversations overheard or recorded by means of eavesdropping". Order and judgments affirmed. Whether the standard of proof for voluntary consent (by the one consenting to the overhearing of telephone conversations) is consent beyond a reasonable doubt or by a fair preponderance of the evidence is immaterial under the facts of this case, for the People have satisfied the more stringent standard. Furthermore, since the eavesdropping was conducted with the consent of one of the parties to the conversations, a warrant was unnecessary (see *United States v White,* 401 US 745). Rabin, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PRITCHARD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 13, 1973, convicting him of robbery in the first degree (two counts), grand larceny in the third degree (three counts), and assault in the first degree (two counts), upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of grand larceny in the third degree (three counts), and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. The grand larceny in the third degree counts must be dismissed as inclusory in the convictions of robbery in the first degree (see *People v Johnson,* 39 NY2d 364; *People v Grier,* 37 NY2d 847; *People v Williams,* 50 AD2d 911). The consecutive sentences imposed do not violate section 70.30 of the Penal Law (see Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 70.30, pp 250–251). The other contentions raised by defendant have been considered and found to be without merit. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANCISCO SANDOVAL, Respondent.—Appeal by the People from an order of the County Court, Rockland County, entered March 22, 1976, which granted the branch of defendant's motion which sought to dismiss the indictment. Order reversed, on the law, motion denied insofar as it sought to dismiss the indictment, and indictment reinstated. No findings of fact have been presented for review. The prosecutor's presentation to the Grand Jury of the case against the defendant was fair and proper. There was no activity by the prosecutor which failed to conform to the requirements of CPL article 190 to such a degree that the integrity of the proceedings was impaired. Rabin, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.