**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Larry Wayne PALMER, Defendant-Appellant.**

**No. 80CA0836.**

Colorado Court of Appeals, Div. I.

May 27, 1982.

Rehearing Denied June 24, 1982.

Certiorari Denied Oct. 18, 1982.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Jeffrey Weinman, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Gerald E. Piper, Stephana Colbert, Deputy State Public Defenders, Denver, for defendant-appellant.

COYTE, Judge.

Defendant appeals from a jury verdict finding him guilty of the sale of narcotics. We affirm.

At trial, defendant admitted that he had sold the drugs to the informant but defended his actions on the ground that he was only acting as a procuring agent for the informant.

Defendant first contends that the trial court erred in denying defendant's motion for a judgment of acquittal since the prosecution failed to disprove the defendant's procuring agent defense. We disagree.

The procuring agent defense arises when the defendant acts as the exclusive agent of the buyer and thus is a principal in the purchase of the drug, not in its sale. *People v. Fenninger,* 191 Colo. 334, 552 P.2d 1018 (1976). Once the defendant raised the affirmative defense that he was acting as a procuring agent for the informant, the prosecution then had to prove the defendant's guilt beyond a reasonable doubt on that issue as well as on all other elements of the offense. *People v. Smith,* Colo., 623 P.2d 404 (1981).

■ Here, the defendant told the informant, a stranger at that time, that he could obtain cocaine for him. Defendant later testified that he arranged the transactions to obtain free cocaine and that he was not just doing it as a favor to the informant. He also testified that he purchased drugs from the same supplier each time he furnished the informant with drugs, and that prior to these transactions with the informant, he normally purchased drugs from the same supplier. In light of these facts, a reasonable jury could have concluded that the guilt of the defendant had been established beyond a reasonable doubt on the procuring agent issue as well as on all other issues. *People v. Smith, supra.* Hence, since the question of whether defendant was a procuring agent was an issue for the jury to determine, the trial court did not err in denying defendant's motion for a judgment of acquittal.

■ Defendant next contends that the trial court erred in allowing police officers to testify concerning conversations between defendant and an informant which they intercepted but did not record. We disagree.

In *People v. Velasquez,* Colo., 641 P.2d 943 (1982) defendant was arrested following the sale of drugs to a police informant in the informant's motel room. The conversation between the informant and defendant was overheard by police officers via a transmitting device which the informant had consented to wearing. At trial, the police officers were allowed to testify as to the substance of the conversations they overheard although no recording or transcript of the conversation was introduced into evidence. In upholding the defendant's conviction, the court stated:

"Certainly, when a defendant meets with a police informant, whose role as such is concealed, in the informant's motel room for the purpose of selling him illegal drugs, such defendant has no legitimate expectation that his encounter and conversation with the informant may not later be used as evidence against him. If the law affords the defendant no legitimate expectation of privacy under these circumstances, neither should it protect

him when the same informant permits the electronic recording and transmission of the same conversation taking place in the informant's room."

Furthermore, in *Velasquez,* quoting from *United States v. White,* 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971), the court stated:

" 'Concededly a police agent who conceals his police connections may write down for official use his conversations with a defendant and testify concerning them, without a warrant authorizing his encounters with the defendant and without otherwise violating the latter's Fourth Amendment rights.... *For constitutional purposes, no different result is required if the agent instead of immediately reporting and transcribing his conversations with the defendant, either* (1) simultaneously records them with electronic equipment which he is carrying on his person .... (2) *or carries radio equipment which simultaneously transmits the conversations* either to recording equipment located elsewhere *or to other agents monitoring the transmitting frequency* ....' " (emphasis added)

Although the decision in *Velasquez* focused upon whether defendant's privacy rights under the Colorado Constitution Art. II, § 7, were violated by the warrantless eavesdropping, the reasoning used in the opinion is highly persuasive on the issue raised in this case, particularly in light of the factual similarities between the two cases. *See also United States v. White, supra; People v. Morton,* 189 Colo. 198, 539 P.2d 1255 (1975), *cert. denied,* 423 U.S. 1053, 96 S.Ct. 783, 46 L.Ed.2d 642 (1976).

Defendant argues, however, relying upon *Garcia v. District Court,* 197 Colo. 38, 589 P.2d 924 (1979), that the failure of the police to record his conversations is analogous to the state's failure in *Garcia* to preserve separate breath samples for defendant's use. On this analogy, he argues that since the failure to preserve separate samples violated the defendant's due process rights in *Garcia,* his due process rights here were violated when the police officers were

allowed to testify as to the substance of conversations which they had not preserved for defendant's use. This contention is without merit.

*Garcia* is readily distinguishable from the case at hand. In *Garcia,* the evidence not preserved established a presumption of guilt upon the finding of a specific blood alcohol level in the defendant's blood. As the court stated in *Garcia:*

"A defendant's ability to attack the validity of that presumption is, thus, dependent upon his ability to attack the accuracy of the machine which tested his blood alcohol level."

Here, unlike *Garcia,* the conversation created no presumption of guilt and did not relieve the state of its burden to prove defendant's guilt on all issues. Furthermore, as a principal in the conversation, defendant's ability to attack the testimony concerning it was not impaired by the failure of the police to supply him with a recording of it. *Garcia* is thus inapplicable to the facts of this case. *People v. Roark,* Colo., 643 P.2d 756 (1982).

 The defendant next argues that although § 16–15–102, C.R.S.1973 (1978 repl. vol. 8), which sets forth requirements for an *ex parte* order authorizing eavesdropping does not apply to consensual eavesdropping, nonetheless the due process protections built into the statute must be complied with. This contention is, however, without merit. Eavesdropping is defined in § 18–9–304(1)(a) C.R.S.1973 (1978 Repl. Vol. 8), as follows:

"Any person not visibly present during a conversation or discussion commits eavesdropping if he: (a) knowingly overhears or records such conversation or discussion *without the consent of a least one of the principal parties thereto. . . .*" (emphasis added)

By the terms of this section, therefore, a consensually overheard conversation is not eavesdropping. Thus, since § 16–15–102, C.R.S.1973 (1978 Repl. Vol. 8) only applies to eavesdropping, the due process requirements set forth in this section have no application to the facts of this case. *People v. Morton, supra.*

Moreover, even if the trial court had refused to allow the police officers to testify, there would still have been sufficient evidence to convict. The officers' testimony was of a cumulative nature, since defendant himself, by admitting he sold the drugs to the informant to get free drugs for himself, furnished virtually all the evidence necessary for his conviction.

Therefore, when one engages in an illegal drug transaction with another person, he assumes the risk that his conversation with that person is being overheard by police officers, and such police officers may later use this conversation as evidence against him whether or not the conversation was recorded.

Accordingly, we will not disturb the trial court's ruling on this issue.

Judgment affirmed.

VAN CISE, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

The gravamen of defendant's appeal is that the failure of the People to record and preserve the conversations with the informant resulted in the loss of exculpatory evidence and a denial of due process. Defendant is not challenging the search and seizure aspects of the eavesdrop under the Fourth Amendment or *Colo. Const.* Art. II, sec. 7, but rather invokes the Fourteenth Amendment and *Colo. Const.* Art. II, sec. 25. Therefore, *People v. Velasquez,* Colo., 641 P.2d 943 (1982) relied upon by the People is not dispositive.

Defendant concedes that although a court order to eavesdrop pursuant to § 16–15–101, et seq., C.R.S.1973 (1978 Repl. Vol. 8), is not required when one party to the conversation consents thereto, nevertheless, the other protections built into the article must be complied with to achieve due process. Section 16–15–102(8)(a), C.R.S.1973 (1978 Repl. Vol. 8) contains the following language:

"The contents of any wire or oral communication intercepted by any means authorized by this section shall, if possible, be recorded on tape, wire, or other comparable device."

Defendant then analogizes the failure to record the critical conversation with the informant to the failure of the People to collect and preserve a breath sample, as was the case in *Garcia v. District Court,* 197 Colo. 38, 589 P.2d 924 (1979).

The sound monitor used by the police officers was equipped with a recording device. It is undisputed that recording the conversations would have been simple and inexpensive. Here, the guilt or innocence of the defendant of the crimes for which he was convicted in depends, in substantial degree, upon the conversations. The evidence needed to determine whether defendant was the agent of the seller or of the buyer was contained in the intercepted conversation with the informant. Fundamental fairness, and thus due process required that the conversations be recorded and preserved.

As the court said in *Garcia:*

"The trial of a criminal case is not a game of fox and hounds in which the state attempts to outwit and trap a quarry. It is, instead, a sober search for truth, in which not only the resources of the defendant, but those readily available to the state must be put to work in aid of that search." (citations omitted)

Thus, I would find that the trial court improperly admitted the testimony of the eavesdropping officers. Their testimony to the conversations tended to enhance the informant's version, even though the officers admitted that they had not preserved the contents therein by use of an immediate report or recording.

Based on the record before us, devoid of the eavesdroppers' testimony, it cannot be said that the evidence establishes defendant's guilt of sale of narcotic drugs beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Germany v. People,* 198 Colo. 337, 599 P.2d 904 (1979). I would therefore reverse and remand for a new trial excluding the testimony of the police officers regarding the conversation.