The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Harry A. STROZZI,
Defendant-Appellant.

No. 83CA0932.

Colorado Court of Appeals,
Div. I.

Sept. 12, 1985.

Rehearing Denied Oct. 10, 1985.

Certiorari Denied Jan. 31, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Joseph P. Jenkins, P.C., Joseph P. Jenkins, Estes Park, for defendant-appellant.

· PIERCE, Judge.

Defendant, Harry A. Strozzi, appeals from the judgment of conviction entered following a jury verdict finding him guilty of one count of theft over $10,000 and one count of theft of more than $200 but less than $10,000. We affirm.

The prosecutor's evidence showed that defendant was an independent trucker who was hired to haul a trailer containing food items from Arizona to Minnesota. Shortly after defendant picked up the load, he met a man at a truckstop who talked him into a scheme that he claimed would help defendant out of his financial trouble. The plan called for defendant to sell his truck, trailer, and cargo to a third party through this man for $25,000. Then defendant would report his truck stolen, and the insurance proceeds would pay off his loan on the truck.

Defendant's accomplice unknowingly arranged to sell the truck and its cargo to a police undercover agent in Colorado. Defendant's accomplice was arrested shortly after the sale took place, and he fully implicated the defendant. The accomplice cooperated with the police by allowing them to listen to a telephone conversation between him and defendant in which they discussed completing the deal and splitting the money from the sale. According to plan, defendant contacted the police the next day to report his truck stolen and was arrested when he signed the stolen truck report.

Defendant's defense was that he changed his mind and had abandoned his plan to sell the truck prior to getting to Colorado but that he was forced to go through with the crime by the threats of his accomplice.

## I.

Defendant contends the trial court erred in admitting evidence of the telephone conversation between defendant and his accomplice. We disagree.

Defendant's argument is two-pronged. He first argues that he had an absolute expectation of privacy in his telephone con-. versation with his accomplice so any police interception of the conversation was a search and seizure within the meaning of the Fourth Amendment. Thus, since police did not get a warrant prior to taping the conversation, the telephone conversation should have been suppressed as the product of an illegal search. Defendant, alleging that the accomplice was a police agent, also argues that he was entitled to receive *Miranda* warnings before speaking with his accomplice on the phone.

### A.

 A defendant does not have a justifiable and constitutionally protected expectation that a person with whom he is conversing will not then or later reveal the conversation to police. *United States v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971); *People v. Velasquez*, 641 P.2d 943 (Colo.1982); *People v. Palmer*, 652 P.2d 1092 (Colo.App.1982). A police agent who conceals his police connections may either report or record a conversation with a defendant without violating defendant's Fourth Amendment rights. *United States v. White, supra; Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). Also, there is no violation of the Colorado Constitution so long as the police agent does not unlawfully intercept the communication with the defendant. *People v. Morton*, 189 Colo. 198, 539 P.2d 1255 (1975), *cert. denied*, 423 U.S. 1053, 96 S.Ct. 783, 46 L.Ed.2d 642 (1976). Moreover, there is no unlawful interception of a phone call if one party to the conversation agrees to allow the police to tape the call. *See* § 18–9–304(1)(a), C.R.S. (1978 Repl.Vol. 8); *People v. Morton, supra.*

 Here, because defendant had no expectation of privacy in the telephone conversation with his accomplice, the police were not required to obtain a warrant before taping the conversation. Furthermore, because the accomplice consented to allow the police to listen to and tape the conversation, the police action was not illegal and did not violate Colo. Const. art. II, § 7. Thus, the trial court did not err in

refusing to suppress the conversation on this ground.

## B.

 Voluntary statements unknowingly made to an informant are not protected by the Fifth Amendment privilege against compulsory self-incrimination. In such situations, *Miranda* warnings are not required. *Hoffa v. United States, supra; People v. Aalbu,* 696 P.2d 796 (Colo.1985); *People v. Battle,* 694 P.2d 359 (Colo.App. 1984). Statements are voluntary if they are made without threats of violence or induced by promises. *People v. Bookman,* 646 P.2d 924 (Colo.1982).

 Here, even if the accomplice was a police informant, he was not required to give defendant *Miranda* warnings before talking to him on the phone. In addition, although one of defendant's theories of defense is that he was coerced to participate in this scheme, there was no evidence that he made the statements in the phone call as a result of threats or promises. The transcript of the conversation does not indicate that defendant's accomplice threatened or promised him anything to induce his statements. The trial court did not err in finding these statements voluntary and allowing admission of the statements into evidence.

## II.

Defendant next contends the trial court erred in admitting evidence that defendant reported his truck and trailer stolen just prior to his arrest. We disagree.

## A.

Defendant first argues that his false theft report was inadmissible because he was not given *Miranda* warnings before making the report. Even though defendant called the police and asked them to meet him at the truck stop to take a stolen truck report, defendant claims the report was the product of a custodial interrogation. In support of this claim, defendant argues that the police had focused their investigation on him and he gave the report while seated in the back seat of the patrol car.

 Interrogation is custodial when it is initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *People v. Thiret,* 685 P.2d 193 (Colo.1984). The test of when a person is in custody is whether a reasonable person in the defendant's circumstances would have believed that he was free to leave the officer's presence. *People v. Thiret, supra; People v. Johnson,* 671 P.2d 958 (Colo.1983). The court must consider the totality of the circumstances surrounding the interrogation in determining what belief was reasonable. Among the many factors to be considered in this determination are the time, place, and purpose of the interrogation. *People v. Thiret, supra; People v. Johnson, supra.*

 Here, the police met defendant at the truckstop at defendant's request. The officer taking the report testified that although defendant was sitting in the patrol car, he was not handcuffed and was free to go at any time until he signed the false report. There was no evidence presented that defendant felt he was not free to leave at the time he gave the false theft report. Under these circumstances the court properly ruled that the defendant was not in custody and, thus, not entitled to *Miranda* warnings at the time the report was made. Hence, it was not error to admit the evidence of the defendant's false theft report.

## B.

Even though the report was taken before defendant was arrested, he argues that the theft report was the inadmissible fruit of an illegal arrest. Defendant contends that he was illegally arrested because the police did not have a warrant or exigent circumstances to arrest without a warrant. Defendant does not dispute that the police had probable cause to arrest.

 Defendant's argument is based upon the arrest statute before the 1977 amendment that removed the warrant requirement. The law no longer requires an officer with probable cause to obtain an arrest warrant when practicable. *See* § 16-3-102(1)(c), C.R.S. (1978 Repl.Vol. 8). Thus, defendant's claim is without merit.

### III.

Defendant next contends that the trial court erred in admitting his confession to the crime charged. We disagree.

Defendant argues that his confession was involuntary because he was "shaken up" by being arrested and confronted with the evidence against him. The officer taking the statement testified that defendant was coherent, fully understood what was going on, and was cooperative. Defendant does not contend that he was threatened or promised anything in exchange for his testimony or that the evidence that he was confronted with was false or misleading. The trial court ruled the defendant's confession was voluntary and followed a proper advisement and waiver of his *Miranda* rights.

 To be admissible in evidence, a confession must be shown to be free and voluntary, made without threats of violence or promises of special consequences and made without the exertion of improper influences. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *People v. Bookman, supra; People v. Parada*, 188 Colo. 230, 533 P.2d 1121 (1975). The voluntariness of the confession must be determined by looking at the totality of the circumstances surrounding the giving of the statement. *People v. Bookman, supra.* On appeal, the trial court's finding of fact on the voluntariness issue will not be reversed where the findings are supported by adequate evidence in the record. *People v. Fordyce*, 200 Colo. 153, 612 P.2d 1131 (1980).

 Here, there is no evidence in the record that defendant's statements were induced by promises, threats, or improper influences. The evidence that defendant understood what was going on and was cooperative supports the trial court's findings that defendant's confession was voluntary. It was not error to admit defendant's confession.

### IV.

Defendant contends the trial court erred in denying his motion for mistrial based upon prosecutorial misconduct. We disagree.

Defendant complains that the prosecutor argued facts not in evidence in his closing argument. In his closing argument defendant insinuated that the accomplice's case was plea bargained in exchange for the accomplice's testimony against him. The prosecutor, in his final closing argument, reminded the jury that the evidence did not support this insinuation. The prosecutor then went on to explain that it was not unusual to plea bargain a case in a county where 5,000 cases a year are filed because not every case can be tried. The defendant objected that these comments were not supported by evidence in the record. The court overruled the objection and allowed the prosecutor to make his point.

 Determination of whether the prosecutor's closing argument is improper depends upon the nature of the comment and whether the jury's attention has been directed to something which it is not entitled to consider. *People v. Constant*, 645 P.2d 843 (Colo.1982). Comment on facts not in evidence is unprofessional conduct only if such facts are not matters of common public knowledge. ABA, *Standards for Criminal Justice*, Standard § 3-5.9 (2d Ed.1982).

The granting or denial of a motion for a mistrial is within the sound discretion of the trial court, and its determination will not be disturbed on review unless it is apparent the court abused its discretion resulting in a denial of justice. *People v. Ferrell*, 200 Colo. 128, 613 P.2d 324 (1980).

Here, the prosecutor's explanation of the reason for plea bargaining was of common knowledge, and was neither improper nor prejudicial. Thus, the court did not abuse its discretion in denying defendant's motion for a mistrial based solely on this comment.

Judgment affirmed.

KELLY and BABCOCK, JJ., concur.