254 N.J. Super. 259 (1991)
603 A.2d 173
STATE OF NEW JERSEY, PLAINTIFF,
v.
PHILIP CONSTANTINO, DEFENDANT.
Superior Court of New Jersey, Law Division Hudson County.
Decided November 13, 1991.
*262 Francis S. Cutruzzula for plaintiff.
John J. Hughes for defendant (Hughes & Finnerty, attorneys).
GROSSI, J.S.C.
Defendant Philip A. Constantino was indicted by a Hudson County Grand Jury which returned indictment no. 1098-05-91 charging defendant with possession of bookmaking paraphanalia in violation of N.J.S.A. 2C:37-3(a)(1) and promoting gambling in violation of N.J.S.A. 2C:37-2(a)(1). The facts indicate that a warrantless search and arrest was conducted.
On October 10, 1991, Bayonne Detectives Anthony Nardini and Neil Ward were conducting a surveillance of a public telephone located on the corner of 41st Street and Avenue C in Bayonne, New Jersey. According to Detective Nardini, this phone was under surveillance because it had been used on prior occasions for illegal gambling activity. Detective Nardini testified that on October 10, 1991 he and Detective Ward observed defendant, Philip Constantino, exit a vehicle and walk hurriedly to the phone on the corner. Detective Nardini testified that after defendant reached the phone, the detective exited his vehicle, walked to the sidewalk corner, stood two or three feet behind defendant, and listened to defendant's conversation. According to Detective Nardini, he heard defendant asking for "lines" or point spreads on professional football games and repeat these "lines" into the receiver. The detective also stated that he observed defendant write something down on a "Winning Points" periodical. At the conclusion of this phone call, Detective Nardini approached defendant, identified himself as a police officer and placed defendant under arrest.
The defense now moves to suppress all evidence seized by the arresting officers contending that the detective's actions constitute an unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution and Article *263 I, paragraph 7 of the New Jersey Constitution. It is defendant's position that the detective's conduct in approaching defendant and listening to his phone conversation is tantamount to "eavesdropping" and constitutes an unlawful search and seizure of defendant's conversation. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Hempele, 120 N.J. 182, 576 A.2d 793 (1990).
The State asserts that the officer's actions did not constitute an unlawful search and seizure of defendant's conversation. The State argues that, because police officers have a duty to investigate possible criminal activity, a police officer may detain a person for questioning where an articulable suspicion of criminal activity based on the totality of the circumstances is present. State v. Farinich, 179 N.J. Super. 1, 430 A.2d 233 (1981); State v. Sheffield, 62 N.J. 441, 303 A.2d 68 (1973). The State asserts that the presence of defendant at a known gambling location, his use of the telephone and the subsequent conversation overheard by the detective, coupled with the detective's experience and training create sufficient probable cause to arrest defendant, and thus, a denial of the suppression motion is required.
In order to determine whether there has been a violation of the Fourth Amendment guarantee against unreasonable searches and seizures, the appropriate inquiry is not to ask what was the object of the government's intentions, but rather to ask whether the affected citizen has a "reasonable expectation of privacy." Katz v. U.S., supra, 389 U.S. at 361, 88 S.Ct. at 516. In Katz, FBI agents had attached an electronic listening and recording device to the exterior of an enclosed public telephone booth in order to record illegal gambling activity. The Supreme Court held that the government's conduct violated petitioner's reasonable expectation of privacy and that this constituted a search and seizure within the meaning of the Fourth Amendment. However, the Court placed an important qualification on the constitutional protection outlined in Katz. *264 In writing that the Fourth Amendment protects people not places, the Supreme Court stated that what a person knowingly exposes to the public is not subject to Fourth Amendment protection. Id. at 351, 88 S.Ct. at 511.
Conversations carried on anywhere in a tone of voice audible to the unaided ear of a person located in a place where that person has a right to be, and where a person can be expected to be, are conversations knowingly exposed to the public and are not afforded Fourth Amendment protection. United States v. Martin, 509 F.2d 1211, 1214 (9 Cir.), cert. den. 421 U.S. 967, 95 S.Ct. 1958, 44 L.Ed.2d 455 (1975); United States v. Llanes, 398 F.2d 880, 884 (2 Cir.1968), cert. den. 393 U.S. 1032, 89 S.Ct. 647, 21 L.Ed.2d 576 (1969).
Conversations knowingly exposed to the public are not within the penumbra of Fourth Amendment protection. Katz v. United States, supra, 389 U.S. at 351, 88 S.Ct. at 511. One who is insensitive to his surroundings and indiscriminate in his conversation bears the risk of being overheard. United States v. Taborda, 635 F.2d 131, 137-138 (2 Cir.1980), United States v. Jackson, 588 F.2d 1046, 1053, reh'g den. 591 F.2d 1343 (5 Cir.), cert. den. 442 U.S. 941, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979). In State v. Kuznitz, 105 N.J. Super. 33, 250 A.2d 802 (Cty.Ct. 1969) Union County detectives conducting a surveillance of a suspected bookmaker stood in a common hallway outside an apartment and overheard "a loud male voice apparently taking telephone calls, receiving bets on sporting events, and giving out the odds on baseball games." Id. at 36, 250 A.2d 802. Based on this conversation, the detectives obtained a search warrant, returned to the apartment and arrested defendant. The Union County Superior Court denied defendant's motion to dismiss and held that eavesdropping by the unaided use of the human ear outside of premises occupied by a suspect does not constitute an illegal search and seizure of defendant's conversation. Id. at 37, 250 A.2d 802.
*265 What a government agent perceives with his or her own unaided senses, when lawfully present in a place where he or she has a right to be, is not an illegal search under the Fourth Amendment. United States v. Mankani, 738 F.2d 538, 543 (2 Cir.1984); United States v. Wheeler, 641 F.2d 1321, 1324 (9 Cir.1981); United States v. Agapito, 620 F.2d 324, 330-331 (2 Cir.), cert. den. 449 U.S. 834, 101 S.Ct. 107, 66 L.Ed.2d 40 (1980); United States v. Jackson, 588 F.2d 1046, 1053, reh'g den. 591 F.2d 1343 (5 Cir), cert. den. 442 U.S. 941, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979); United States v. Ortega, 471 F.2d 1350, 1361 (2 Cir.1972), cert. den. 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973); LaFave, Search and Seizure (2 ed.) § 2.2(a) at 326, § 2.3(b) at 390.
Eavesdropping from a place where an officer has a right to be is a long-accepted technique of crime detection, not outlawed by the Fourth Amendment. If defendant speaks loudly enough to be overheard his expectation of privacy vanishes. United States v. Martin, supra, 509 F.2d at 1214. There is nothing wrong in law with police officers listening in on a conversation and then acting on what they hear. State v. Cox, 114 N.J. Super. 556, 277 A.2d 551 (App.Div. 1971).
Recently, the Court of Appeals for the Eighth Circuit decided the issue before this court and held that a search did not occur when a government agent overheard with the naked ear a telephone conversation at an unenclosed public telephone. United States v. Muckenthaler, 584 F.2d 240 (8 Cir.1978). In Muckenthaler, drug enforcement agents had set up an elaborate surveillance operation of several defendants at an airport in Nebraska. As part of the surveillance operation, a drug enforcement agent positioned himself in front of one of a group of four public telephones and directly next to a defendant who was speaking on one of the pay-phones. The government agent overheard those portions of defendant's conversation that concerned the pick-up of a "brown-bag." Following several phone calls, all of which the agent overheard, the agent approached *266 defendant, identified himself as a police officer and arrested him.
At trial, and on appeal, the defense argued that the drug enforcement agent, by positioning himself so as to overhear parts of defendant's conversations, conducted an unlawful search and seizure of the conversations. The circuit court ruled however that the government's activities did not violate the Fourth Amendment because defendants did not have a reasonable expectation of privacy in their phone conversations. The court reasoned that, because the telephones were located in a public place and were not enclosed, as they were in Katz, defendants did not have a reasonable expectation of privacy. The court went on to state that the government agent was standing in a position where another individual would normally be expected to be and any individual in that position was likely to overhear portions of a conversation at any of the other telephones. 584 F.2d at 245. Consequently, the court held that as the agent was located in a public place and overheard the conversation without the use of any amplification device, defendants did not have a reasonable expectation of privacy and no Fourth Amendment violation had occurred. Ibid.
In the instant case, defendant, was talking on a public pay phone attached to a post on a public street corner. The phone was not enclosed by a glass or metal booth and was located in a public place. The detective was lawfully on the street corner and was, more importantly, in a position where another individual would normally be expected to be. Any individual standing in that position would likely be able to overhear portions of a conversation from that vantage point. Finally, the detective did not utilize any type of electronic eavesdropping or listening device as was the case in Katz. Clearly, defendant did not have a reasonable expectation of privacy in his telephone conversation, and therefore, no violation of defendant's Fourth Amendment rights occurred.
*267 Defendant also argues that the detective's conduct violates Article I, ¶ 7 of the New Jersey Constitution. Defendant notes that recently in State v. Hempele, 120 N.J. 182, 576 A.2d 793 (1990), the New Jersey Supreme Court held that the search by police of a defendant's discarded garbage was violative of the New Jersey Constitution. In Hempele, the Court rejected the two-step analysis enunciated by Justice Harlan in Katz and ruled that the New Jersey Constitution requires only that an expectation of privacy be reasonable. 120 N.J. at 200, 576 A.2d 793. The defense argues that not unlike discarded garbage, a person must have a reasonable expectation that his phone conversations are private and not the subject of deliberate government monitoring.
Article I, ¶ 7 of the New Jersey Constitution may in some instances provide greater protection against unreasonable searches and seizures than the Fourth Amendment to the United States Constitution. See State v. Bruzzese, 94 N.J. 210, 463 A.2d 320 (1983); State v. Hunt, 91 N.J. 338, 344-346, 450 A.2d 952 (1982); State v. Alston, 88 N.J. 211, 225, 440 A.2d 1311 (1981). However, Article I, ¶ 7 of the New Jersey Constitution does not speak in absolute terms, but strikes a balance between the interests of the individual in being free of public interference and the interests of society in effective law enforcement. State v. Dilley, 49 N.J. 460, 468, 231 A.2d 353 (1967). In determining the reasonableness of the search, the court must weigh the public interest served against the nature and scope of the intrusion upon the individual. State v. Davis, 104 N.J. 490, 502-503, 517 A.2d 859 (1986). In determining reasonable privacy expectations, the court is to apply an objective standard based on general social norms. State v. Hempele, supra, 120 N.J. at 200-201, 576 A.2d 793.
The New Jersey Appellate Division has held that a defendant did not have a reasonable expectation of privacy in the soles of his shoes when stopped on the street and questioned by a police officer. State v. Bates, 202 N.J. Super. 416, 495 A.2d 422 *268 (App.Div. 1985). Similarly, there is no reasonable expectation of privacy in the exterior of an automobile on a public roadway. State v. Ball, 219 N.J. Super. 501, 530 A.2d 833 (App.Div. 1987). Additionally, it has been held that occupants of a hotel room enjoy a lesser degree of privacy expectation than do occupants of a private home. State v. Alvarez, 238 N.J. Super. 560, 570 A.2d 459 (App.Div. 1990). There is also no legitimate expectation of privacy in open fields not immediately adjacent to the home. State v. Bonnacurso, 227 N.J. Super. 159, 545 A.2d 853 (App.Div. 1988).
Recently, in State v. Foley, 218 N.J. Super. 210, 527 A.2d 482 (App.Div. 1987), a defendant challenged the constitutionality of a state police investigation involving the stationing of state troopers in tollbooths on the Garden State Parkway to observe drivers who appeared to be under the influence of alcohol. The court denied defendant's motion to suppress and held that there is no legitimate expectation of privacy in the interior of an automobile that may be viewed by passersby or diligent police officers. Id. at 216, 527 A.2d 482. The court reasoned that the state troopers' view of defendant from the tollbooth was no different than the view of a toll collector from the same location or the view of a policeman standing on a street corner at which defendant might have stopped for a red light. Therefore, defendant could have no legitimate expectation of privacy in his physical appearance while driving an automobile and no search within the meaning of the Fourth Amendment or Article I, ¶ 7 of the New Jersey Constitution took place. Ibid.
The circumstances in this case are analagous to those in State v. Foley and compel the conclusion that defendant did not have a reasonable expectation of privacy in his phone conversation. The telephone utilized was a public phone located on a public sidewalk. The detective was lawfully standing in a position where another individual would normally be expected to be and defendant spoke in a tone of voice audible to a person standing on the street corner. Additionally, the detective's *269 position on the sidewalk and his range of hearing was no different than the range of hearing of any other person at the same location. In view of these facts and the relevant case law, this court finds that defendant did not have a reasonable expectation of privacy in his phone conversation, and therefore, no violation of the Fourth Amendment or Article I, ¶ 7 of the New Jersey Constitution has occurred.
It is well established that probable cause is required for a lawful arrest. State v. Fair, 45 N.J. 77, 211 A.2d 359 (1965). Probable cause, as defined in State v. Kasabucki, 52 N.J. 110, 244 A.2d 101 (1968), is "something more than raw unsupported suspicion," but requiring "less evidence than would be required to establish guilt of crime for which the [search] warrant is sought." Id. at 116, 244 A.2d 101. It is a well grounded suspicion that a crime has been or is being committed. State v. Patino, 83 N.J. 1, 10, 414 A.2d 1327 (1980); State v. Waltz, 61 N.J. 83, 87, 293 A.2d 167 (1980).
In view of the facts presented, there was more than sufficient probable cause to arrest defendant. The detective was conducting a surveillance operation of a public telephone known to the Bayonne Police Department as a phone frequently used for the placing of bets. The detective observed defendant exit his vehicle and hurriedly walk to the pay phone. The detective overheard defendant exchange betting lines over the phone and observed defendant writing notes on what he identified as a gambling periodical. Clearly, these circumstances afforded sufficient probable cause to arrest defendant. For the foregoing reasons, this court denies defendant's motion to suppress.