848 A.2d 39 (2004)
369 N.J. Super. 65
STATE of New Jersey, Plaintiff-Respondent,
v.
Victor PINEIRO, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted March 23, 2004.
Decided May 14, 2004.
*40 Fava Law Offices, attorneys for appellant (Nicole L. Fava, on the brief).
Peter C. Harvey, Attorney General, attorney for respondent (Deborah Bartolomey, Deputy Attorney General, of counsel and on the brief).
Before Judges SKILLMAN, WELLS and C.S. FISHER.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
This search and seizure appeal presents questions concerning the evidence required to establish probable cause to search a suspected thief's residence and the application of the plain view doctrine when a suspect voluntarily admits investigators into his residence.
Defendant, a sheriff's officer, was observed on a videotape, recorded by means of a hidden surveillance camera, entering the storage room in the Essex County Trial Court Administrator's office at 1:54 a.m. on October 29, 2001, and taking what appeared to be a black case. A subsequent examination of the storage room revealed that a Dell laptop computer was missing. This was the last of a series of thefts of computers and other related items kept in the storage room that had occurred over the course of a year.
Based on this evidence, investigators from the Essex County Prosecutor's office and the internal affairs unit of the Sheriff's Office obtained a warrant to search defendant's apartment, motor vehicles and locker, and also a warrant for his arrest. The application for the warrant was supported by an affidavit of one of the investigators which stated that, based on his viewing of the surveillance videotape and his training and experience, he had probable cause to believe that the stolen items may be located in defendant's apartment.
On November 5, 2001, the investigators went to defendant's apartment to execute the search warrant. The investigators rang the doorbell, and defendant admitted them into the apartment. The investigators did not notify defendant of the warrants at that time. Instead, they told him that they had come to his house "because there was a problem at work." Immediately after entering the apartment, an investigator saw a computer table holding a computer monitor and processor, two Dell laptop computers, several chargers and a "Palm Pilot" that matched items stolen from the Trial Court Administrator's office. When defendant led the investigators *41 into his living room, they immediately saw another Dell laptop computer sitting on top of a cat playhouse.
At this point, the investigators told defendant that a surveillance camera had recorded his removal of a laptop computer from the Trial Court Administrator's storage room and that they had a warrant to search his apartment. Defendant responded: "You don't have to look any further. There it is[,]" pointing to the computer on top of the cat playhouse. The investigators then arrested defendant and subsequently confirmed that the serial numbers on the computers and other related equipment in the apartment matched the numbers on the list of stolen items.
Defendant was subsequently indicted for two counts of official misconduct, in violation of N.J.S.A. 2C:30-2; burglary, in violation of N.J.S.A. 2C:18-2; theft, in violation of N.J.S.A. 2C:20-3; and five counts of receiving stolen property, in violation of N.J.S.A. 2C:20-7.
Defendant moved to suppress the evidence of the stolen items found in his apartment. The trial court concluded in an oral opinion that the warrant to search defendant's apartment was valid. The court also concluded that even if the warrant had been invalid, the seizure of the items found in the apartment would have been valid because the investigators observed the items in plain view after defendant voluntarily admitted them into the apartment.
After denial of his motion to suppress, defendant pled guilty to one count of official misconduct pursuant to a plea agreement under which the State agreed to recommend that the offense be treated as a third-degree offense for sentencing purposes and that defendant be sentenced to a three-year term of imprisonment. The plea agreement also provided for defendant's forfeiture of his position as a Sheriff's Officer and disqualification from holding any public office or employment. The trial court sentenced defendant in accordance with the plea agreement to three years imprisonment.
On appeal, defendant argues that the trial court erred in denying his motion to suppress. Defendant also argues that the court erred in denying his motion for enforcement of a pre-indictment plea offer that defense counsel claimed was not properly communicated to his client. We reject both arguments and affirm defendant's conviction and sentence.
"A search warrant is presumed to be valid, and defendant bears the burden of demonstrating that the warrant was issued without probable cause...." State v. Evers, 175 N.J. 355, 381, 815 A.2d 432 (2003). "Therefore, substantial deference must be paid by a reviewing court to the determination of the judge who has made a finding of probable cause to issue a search warrant." Ibid.
"Probable cause is a flexible, nontechnical concept." State v. Kasabucki, 52 N.J. 110, 116, 244 A.2d 101 (1968). It involves a "conscious balancing of the governmental need for enforcement of the criminal law against the citizens' constitutionally protected right of privacy." Ibid. Consequently, a judge considering an application for a search warrant must make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. Smith, 155 N.J. 83, 93, 713 A.2d 1033, cert. denied, 525 U.S. 1033, 119 S.Ct. 576, 142 L.Ed.2d 480 (1998) (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983)).
*42 The issuing judge in this case correctly concluded that there was a fair probability one or more of the items stolen from the Trial Court Administrator's storage room would be found in defendant's apartment. The affidavit in support of the application for the search warrant indicated that defendant had been identified on a videotape as the person who had entered the storage room and surreptitiously removed a computer. Consequently, the warrant application provided strong evidence that defendant was the person who had been stealing computers and other related items from the Trial Court Administrator's office. Moreover, it was reasonable to infer that defendant had taken at least some of those items, such as a laptop computer and digital camera, for his own personal use, in which event his apartment would be the most likely place for the items to be located. See Evers, supra, 175 N.J. at 383, 815 A.2d 432. And even if defendant intended to sell some or all of the computers and other equipment, it would be reasonable to infer that he still possessed at least some items at the time the investigators presented the warrant application to the issuing judge, because the last theft had been committed only one week earlier. It also would be reasonable to infer that defendant's apartment and the trunks of his cars were the most likely places to use for temporary storage of the items. Under these circumstances, the trial court properly deferred to the issuing judge's determination that there was probable cause to believe that contraband or evidence of the thefts would be found in defendant's apartment.
This conclusion is supported by decisions in other jurisdictions which have found probable cause to search a thief's residence when stolen merchandise consists of items likely to be used or stored in his residence. See, e.g., United States v. McCall, 740 F.2d 1331, 1336-37 (4th Cir.1984) (handgun); People v. Green, 70 P.3d 1213, 1214-16 (Colo.2003) (rare Rolex watch); State v. Boswell, 131 Ga.App. 657, 206 S.E.2d 682, 685 (1974) (watches and clocks); State v. Guidry, 388 So.2d 797, 800 (La.1980) (jewelry); State v. Damron, 575 N.W.2d 912, 919-20 (N.D.1998) (stereo and electronic equipment); see also 2 Wayne R. LaFave, Search & Seizure § 3.7(d) at 382 (3d ed.1996) (noting that "courts have been more willing to assume that [stolen] property will be found at the residence of the thief, burglar or robber" than a drug dealer's supply of drugs). Therefore, we conclude that the warrant for the search of defendant's apartment was valid.
Moreover, even if the search warrant was invalid, the seizure of the stolen items the investigators observed in defendant's apartment would nevertheless be valid under the plain view doctrine. Under this doctrine, a police officer who is "lawfully ... in the viewing area" may seize property that the officer has probable cause to believe is contraband or evidence of a crime. See State v. Johnson, 171 N.J. 192, 206-08, 793 A.2d 619 (2002). The rationale of the doctrine is that "a police officer lawfully in the viewing area" should not be required to "close his eyes to suspicious evidence in plain view." State v. Bruzzese, 94 N.J. 210, 237, 463 A.2d 320 (1983), cert. denied, 465 U.S. 1030, 104 S.Ct. 1295, 79 L.Ed.2d 695 (1984).
Our decisions recognize a distinction between cases in which contraband or evidence is observed in plain view in the course of a search of a constitutionally protected area and cases in which a plain view observation is made without a prior search. See State v. Stanton, 265 N.J.Super. 383, 386-88, 627 A.2d 674 (App.Div.1993); State v. Foley, 218 N.J.Super. 210, 216-18, 527 A.2d 482 (App.Div.1987); State *43 v. O'Herron, 153 N.J.Super. 570, 574-75, 380 A.2d 728 (App.Div.1977), cert. denied, 439 U.S. 1032, 99 S.Ct. 637, 58 L.Ed.2d 695 (1978). The leading commentary on search and seizure law explains this distinction:
[T]he plain view doctrine discussed in Coolidge [v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) ] is intended to provide a basis for making a seizure without a warrant. The fact that there is a plain view in the Coolidge sense does not mean that there has been no search; indeed, the situations described by Justice Stewart [in Coolidge ] are in the main search situationssearch pursuant to a warrant naming other objects, search during hot pursuit, search incident to arrest, and a search for purposes other than finding evidence.... [T]he effort in Coolidge is to describe when items so found may be seized even though they were not the items which were legitimate objectives of that search....
By comparison, the concern here is with plain view in a quite different sense, namely, as descriptive of a situation in which there has been no Fourth Amendment search at all. This situation, which perhaps is deserving of a different label so as to avoid confusion of it with that discussed in Coolidge, encompasses those circumstances in which an observation is made by a police officer without a prior physical intrusion into a constitutionally protected area. This includes the case in which an officer discovers an object which has been left in an "open field" or similar nonprotected area, and also those cases in which an officeragain, without making a prior physical intrusionsees an object on the person of an individual, within premises, or within a vehicle, or other container. In each of these instances there has been no search at all because of the plain view character of the situation, and this means that the observation is lawful without the necessity of establishing either pre-existing probable cause or the existence of a search warrant or one of the traditional exceptions to the warrant requirement.
[1 LaFave, supra, § 2.2(a) at 397-98.]
The present case involves the second of the two types of plain view cases discussed by Professor LaFave. Although the investigators had warrants to arrest defendant and search his apartment, they did not gain entry to the apartment by exhibiting the warrants. Instead, after the investigators, some of whom defendant knew from the Sheriff's office, rang his doorbell and told him "there was a problem at work," defendant voluntarily admitted them into his apartment. Consequently, the investigators' entry into defendant's apartment was the same as that of any other social guest or business visitor, and did not constitute a Fourth Amendment search. See Hoffa v. United States, 385 U.S. 293, 302, 87 S.Ct. 408, 413, 17 L.Ed.2d 374, 382 (1966); State v. Padilla, 321 N.J.Super. 96, 108, 728 A.2d 279 (App.Div.1999), aff'd o.b., 163 N.J. 3, 746 A.2d 452 (2000); State v. Ferrari, 323 N.J.Super. 54, 57-59, 731 A.2d 1225 (App.Div.1999); State v. Anglada, 144 N.J.Super. 358, 361-63, 365 A.2d 720 (App.Div.1976).
But even when police make a plain view observation of evidence or contraband without a prior search, they are not automatically entitled to seize the item. "[P]lain view alone is never enough to justify the warrantless seizure of evidence." Coolidge, supra, 403 U.S. at 468, 91 S.Ct. at 2039, 29 L.Ed.2d at 584. "[T]o justify [a] warrantless seizure[,] ... not only must the officer be lawfully located in a place from which the object can be plainly seen, but he or she must also have a lawful *44 right of access to the object itself." Horton v. California, 496 U.S. 128, 136-37, 110 S.Ct. 2301, 2308, 110 L.Ed.2d 112, 123 (1990); see also Soldal v. Cook County, 506 U.S. 56, 65-69, 113 S.Ct. 538, 545-47, 121 L.Ed.2d 450, 461-63 (1992); O'Herron, supra, 153 N.J.Super. at 574-82, 380 A.2d 728; 1 LaFave, supra, § 2.2(a) at 399-401. Consequently, a police officer may seize an item revealed by a plain view observation only if the officer has probable cause to believe that the item is contraband or evidence and the seizure can be made without intruding into any constitutionally protected area or the intrusion can be made in conformity with the Fourth Amendment.
In this case, after the investigators saw what appeared to be the items stolen from the Trial Court Administrator's storage room in defendant's apartment and informed him that a hidden surveillance camera had recorded his theft of a computer, defendant interrupted the investigators and said, "You don't have to look any further. There it is[,]" while pointing to a computer sitting on a cat playhouse. This admission, together with the investigators' observations, provided probable cause to believe that the computers and other equipment in defendant's apartment were the items stolen from the Trial Court Administrator's storage room. Furthermore, the investigators were able to seize the items without intruding into any constitutionally protected area because all the items were found in areas to which they had been voluntarily admitted by defendant. Therefore, the seizure of these items would have been valid even if the investigators did not have a lawfully issued search warrant.
Defendant also argues that the warrant for the search of defendant's apartment was improperly executed because the investigators did not announce that they had a warrant before entering his apartment and that the court erred in denying his motion to enforce a pre-indictment plea offer because its terms were allegedly miscommunicated to him. These arguments are clearly without merit and do not warrant discussion. R. 2:11-3(e)(2).
Affirmed.