**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1699-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RYAN M. MCMENAMIN,

     Defendant-Appellant.

_____

Submitted April 27, 2021 – Decided May 28, 2021

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 18-10-1339.

Mario J. Persiano, attorney for appellant.

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Ryan M. McMenamin pled guilty to fourth-degree driving while his license was suspended for a third conviction of driving while

intoxicated, N.J.S.A. 2C:40-26(b). He appeals, arguing that his violation came to light when his motor vehicle was stopped at an unconstitutional checkpoint. We reject that argument and affirm the denial of his motion to suppress and his conviction.

I.

On May 6, 2018, defendant was driving a motor vehicle in Burlington Township. He was stopped by Officer James Conway and given four summonses for motor vehicle violations: tinted windows, N.J.S.A. 39:3-75; driving without a license, N.J.S.A. 39:3-10; driving with a suspended license, N.J.S.A. 39:3-40; and driving without insurance, N.J.S.A. 39:6B-2. A check of defendant's record revealed that he had been driving after his license was suspended for a third conviction of driving while intoxicated (DWI), N.J.S.A. 39:4-50. Consequently, in October 2018, defendant was indicted for fourth-degree driving with a suspended license, while the license had been suspended for a second or subsequent conviction of DWI.

Defendant filed a motion to suppress the evidence obtained from the stop, arguing that his motor vehicle had been stopped at an unconstitutional checkpoint. While that motion was pending, defendant pled guilty to the indicted crime, preserving his right to withdraw his plea and proceed to trial if

his motion to suppress was denied. The plea form also stated that defendant preserved his right to appeal the denial of his motion to suppress.

On August 15, 2019, the trial court conducted an evidentiary hearing at which one witness testified: Officer Conway. Conway explained that on May 6, 2018, he was working a patrol shift from 1 p.m. to 1 a.m. Shortly after starting his shift, Conway joined several other police officers who were conducting a "traffic detail" near Sunset Road. Conway recalled that when he arrived there were three other officers already at the detail, including a sergeant. The officers all parked their police vehicles in a bank parking lot just off Sunset Road.

Describing the traffic detail, Conway testified that some officers would stand by the roadway to look for violations, such as drivers not wearing seatbelts, tinted windows, cracked windshields, and expired inspection stickers. If a violation was observed and the vehicle was turning onto an access road to a nearby shopping plaza, an officer would signal the driver to pull into the bank parking lot. An officer would then speak with the driver and issue a ticket if a violation was confirmed. Conway also testified that if no violation was observed or the vehicle was not turning onto the access road, the car would not be stopped.

Regarding the stop of defendant's car, Conway explained that he was standing by the side of the road and had positioned himself in a place where he

A-1699-19

could see vehicles approaching his location, but the drivers would not be able to see him "until it's too late." He saw defendant's car turn onto the access road and he observed that the car had tinted windows. Accordingly, Conway directed defendant to stop his vehicle in the bank parking lot. Conway then approached the vehicle and asked defendant for "his credentials." Defendant did not have a license or an insurance card. Accordingly, Conway issued four motor vehicle summonses to defendant for driving without a license, driving with a suspended license, driving with no insurance, and driving in a vehicle with illegally tinted windows.

During cross-examination, Conway testified he had previously participated in two DWI checkpoints. He explained that DWI checkpoints were very detailed operations where cars were stopped according to established procedures to check for intoxicated drivers. Conway explained that the traffic detail on May 6, 2018 was not a checkpoint.

At the end of the evidentiary hearing, counsel for defendant argued that defendant had been stopped at an unconstitutional checkpoint and therefore all evidence of him driving without a license should be suppressed. In making that argument, defense counsel relied on our decision in State v. Kirk, 202 N.J. Super. 28, 56-58 (App. Div. 1985), where we detailed the procedures necessary

4

for a checkpoint to comply with the Fourth Amendment and Article I, Paragraph 7 of the New Jersey Constitution.

The trial court rejected defendant's arguments. The court found Conway to be credible. Based on Conway's testimony, the trial court found that defendant's motor vehicle was only stopped after Conway observed the tinted windows. Accordingly, the trial court reasoned that the traffic detail on May 6, 2018 was not an unconstitutional checkpoint. Instead, the court found that Conway had lawfully observed the tinted window violation from the roadway and then stopped the vehicle based on a reasonable articulable suspicion of a motor vehicle violation. In making that finding, the trial court relied on our decision in State v. Foley, 218 N.J. Super. 210, 213-14 (App. Div. 1987), where we held that a police officer can set up roadside observation points and stop vehicles when a violation is observed without violating the Federal or our State Constitutions.

## II.

On appeal, defendant argues:

> POINT I: THE TRIAL COURT'S LEGAL FINDINGS ON THE CONSTITUTIONALITY OF DEFENDANT'S STOP ARE SUBJECT TO PLENARY REVIEW[.]

A-1699-19

POINT II: THE POLICE DETAIL WAS UNCONSTITUTIONAL UNDER ART I, PAR. 7 OF THE NEW JERSEY CONSTITUTION.

SUBPOINT A: THE STANDARDS OUTLINED IN STATE V. KIRK ARE APPLICABLE, IN PART, TO ASSESS THE CONSTITUTIONALITY OF THE BURLINGTON TOWNSHIP POLICE DETAIL.

SUBPOINT B: THE LACK OF CONTROLS OVER POLICE CONDUCT AND DISCRETION MADE IT POSSIBLE FOR MOTORISTS TO BE SEIZED WITHOUT PROBABLE CAUSE OR REASONABLE SUSPICION[.]

POINT III: THE COURT'S HOLDING IN STATE V. FOLEY IS NOT APPLICABLE TO DEFENDANT'S STOP[.]

Our review is limited when a motion to suppress is denied following an evidentiary hearing. State v. Robinson, 200 N.J. 1, 15 (2009). We defer to the factual and credibility findings made by the trial court "so long as those findings are supported by sufficient credible evidence in the record." State v. Handy, 206 N.J. 39, 44 (2011) (quoting State v. Elders, 192 N.J. 224, 243 (2007)). The legal conclusions of a trial court are reviewed de novo. State v. Hubbard, 222 N.J. 249, 263 (2015) (citing State v. Gandhi, 201 N.J. 161, 176 (2010)).

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV; see also N.J. Const. art. I, ¶ 7. A motor vehicle can be lawfully stopped without a warrant if a police officer has "a reasonable and

articulable suspicion that the driver of a vehicle, or its occupants, is committing a motor-vehicle violation or a criminal or disorderly persons offense." State v. Scriven, 226 N.J. 20, 33-34 (2016) (citing State v. Locurto, 157 N.J. 463, 470 (1999)). "An investigative detention that is premised on less than reasonable and articulable suspicion is an 'unlawful seizure,' and evidence discovered during the course of an unconstitutional detention is subject to the exclusionary rule." Elders, 192 N.J. at 247 (citing State v. Rodriguez, 172 N.J. 117, 132-33 (2002)).

Police can set up a checkpoint on a roadway to stop and detain motorists without individualized suspicion, but such checkpoints must be executed in strict adherence to well-established procedural safeguards. Kirk, 202 N.J. Super. at 40-41. "In order to pass muster under our [S]tate [C]onstitution, a roadblock or checkpoint must be established for a specific need and to achieve a particular purpose at a specific place." State v. Carty, 170 N.J. 632, 652 (2002) (citing Kirk, 202 N.J. Super. at 37).

By contrast to a checkpoint, "[a] simple observation into the interior of an automobile by a police officer located outside the automobile is not a 'search' within the meaning of the Fourth Amendment." Foley, 218 N.J. Super. at 215 (citing Texas v. Brown, 460 U.S. 730, 739-40 (1983)). Accordingly, a police

officer can view motorists and motor vehicles from a roadside observation point and, if violations are seen, stop the motor vehicle. Id. at 216.

The central issue on this appeal is whether defendant's motor vehicle was stopped at a checkpoint that lacked adequate procedures or whether it was stopped after Conway observed that the motor vehicle had tinted windows. The trial court's finding that the stop was not part of a checkpoint is supported by substantial credible evidence and well-established law. Moreover, the trial court's finding that Conway had a reasonable articulable suspicion to stop defendant's car based on observations he made from the roadway is also supported by substantial credible evidence and well-established law.

In short, Conway did not randomly stop defendant's car without a reasonable articulable suspicion. Instead, Conway positioned himself alongside a road so that he could make observations of vehicles as they approached him. The trial court found Conway's testimony to be credible and that Conway saw the tinted window violation before directing defendant to stop his vehicle. Accordingly, we agree with the trial court that the procedures in this case were like the procedures that we approved in Foley, 218 N.J. Super. at 215. Thus, there was not a checkpoint requiring specialized procedures as discussed in Kirk, 202 N.J. Super. at 40-41. Accordingly, we reject defendant's arguments.

A-1699-19

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1699-19