106 N.J. Super. 1 (1968)
254 A.2d 109
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WALTER R. MORSE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1967.
Decided January 10, 1968.
*2 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Peter S. Valentine, assigned counsel, argued the cause for appellant (Mr. Joseph R. Rusignola, on the brief).
Mr. James R. Zazzali, Assistant County Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, County Prosecutor, attorney).
*3 The opinion of the court was delivered by COLLESTER, J.A.D.
Defendant appeals from his conviction of the crime of unlawful possession of a narcotic drug in violation of N.J.S.A. 24:18-4.
On April 13, 1966 two Newark detectives, assigned to the narcotics squad, stopped defendant while he was walking on Elizabeth Street to check on his narcotics registration card. Defendant said he was living in New York City. His registration card listed his address as 176 Badger Avenue, Newark. The detectives placed him under arrest as a disorderly person for having failed to notify the chief of police of his change of address within the 24-hour period required by N.J.S. 2A:169A-6. A search of his person revealed that he was carrying a rubber receptacle which contained 10 glassine envelopes of heroin. At his trial, following an indictment for unlawful possession of narcotics, defendant did not testify or call any witnesses in his defense. He was found guilty by the jury and appeals from that conviction.
Defendant concedes that no motion was made prior to trial, pursuant to R.R. 3:2A-6(a), to suppress the heroin as evidence on the ground that it was obtained by an unlawful search and seizure. Moreover, no objection was raised to the admission of such evidence at the trial.
Defendant argues that he should be permitted to raise the question of illegal search and seizure on this appeal. He bases his claim on the opinion rendered by this court in State v. Orr, 93 N.J. Super. 140 (App. Div. 1966), where we held that an arrest for violation of N.J.S. 2A:169A-6 without a warrant was invalid and that evidence secured as a result of a search and seizure incidental to the unlawful arrest must be suppressed.
R.R. 3:2A-6(a) provides that a motion for the return of property seized and to suppress the evidence obtained shall be made within 30 days after the initial plea to the charge unless for good cause the court shall enlarge the time. It provides that the motion shall be determined before trial and may be entertained at trial only if the court finds the *4 defendant could not reasonably have made the motion prior thereto. It further provides that if a timely motion is not made in accordance with the rule, the defendant shall be deemed to have waived any objection during the trial to the admission of the evidence based on the ground that it was unlawfully obtained.
We are satisfied that defendant's argument cannot be supported on several grounds. First, our Supreme Court in State v. Fair, 45 N.J. 77, 85-86 (1965), clearly indicated that a strict approach should be taken to the requirements of R.R. 3:2A-6(a) and that the issue of illegal search and seizure raised for the first time on appeal did not warrant application of the plain error rule. R.R. 1:5-1(a). Second, State v. Orr, supra, which was decided two months after the trial of the instant case, did not pronounce any new principle of law but held, in accordance with the well established rule, that an arrest without warrant for violation of the Disorderly Persons Act is not valid if the offense was not committed in the presence of the arresting officers. And finally, no good reason is shown, or argued in defendant's brief, why the motion to suppress was not made in accordance with the provisions of R.R. 3:2A-6(a).
Defendant further contends that there was plain error in the admission of testimony by one of the detectives that defendant admitted ownership of the heroin found on his person because it was "fruit" of an illegal search and seizure. The contention is without merit because (1) defendant cannot now challenge the illegality of the search and so cannot complain that the admission he made was the fruit of that illegality, and (2) the admission was brought into the case by cross-examination of the detective by defendant's counsel  not by the State.
In a pro se supplemental brief defendant, in addition to challenging the validity of the search and seizure, contends he was inadequately represented by his assigned trial counsel. He asserts numerous matters of fact which are not contained *5 in this record. As such they are not cognizable on this direct appeal from his conviction.
The judgment of conviction is affirmed.