114 N.J. Super. 556 (1971)
277 A.2d 551
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CURTIS COX, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 11, 1971.
Decided January 19, 1971.
*558 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. Thomas E. Bracken, Assistant Deputy Public Defender, argued the cause for appellant, Mr. Stanley C. Van Ness, Public Defender, attorney.
Mr. Michael H. Stieber, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney; Mr. David S. Baime, Assistant Prosecutor, of counsel).
*559 PER CURIAM.
Defendant and Anna Coltrane were jointly indicted for illegal possession of heroin. Coltrane apparently skipped bail; defendant was tried to a jury, found guilty, and sentenced to a State Prison term of 3-5 years and a $25 fine. This appeal ensued.
Briefly, Sergeant Bimbo and Detective Cleary and Pariso went to apartment E-3 at 18 Custer Place, Newark. They stood in the common hallway just outside the apartment door for a few moments and during that time heard a female voice say, "These bags are wrapped sloppy. The junk is falling out." A male voice replied, "They'll buy it. No matter." Bimbo testified that he recognized this conversation as referring to narcotics. The officers knocked at the door, a woman opened it on a chain lock, looked out and said, "The man. Get rid of the stuff," at which point the police made a forced entry. As they entered they saw 15 loose glassine envelopes on a coffee table in the living room. Present in the apartment were two women  one of them Coltrane  and defendant. Defendant and Coltrane were placed under arrest and the apartment searched. Glassine envelopes were found in a brown teapot.
Detective Cleary's testimony supported what Bimbo had said, adding that they found a keycase containing glassine envelopes, tinfoil packages containing a white powder, and a plastic bag containing more powder, in addition to what was on the living room table and in the teapot.
Defendant first argues that it was plain error to receive the narcotics in evidence; at the least, an evidentiary hearing should be held to determine whether defendant waived his right to move to suppress the evidence before trial. R. 3:5-7(a) (formerly R.R. 3:2A-6) requires that a motion to suppress evidence obtained by search or seizure be made within 30 days after the initial plea, unless the court for good cause enlarges the time. If timely motion is not made, a defendant is deemed to have waived any objection to the admission of the evidence. Defendant never moved to suppress, nor did he at any time during trial *560 object to the introduction of the drugs. R. 3:5-7 is strictly adhered to. State v. Fair, 45 N.J. 77, 85-86 (1965); State v. Morse, 106 N.J. Super. 1, 4 (App. Div. 1968), aff'd 54 N.J. 32 (1969). Defendant relies on State v. Burton, 99 N.J. Super. 52 (App. Div. 1968), an entirely distinguishable case.
If defendant attempts to shift the blame on trial counsel, he must fail; his attorney gave him quite adequate representation. State v. Woodard, 102 N.J. Super. 419, 429 (App. Div. 1968), certif. den. 53 N.J. 64 (1968), cert. den. 395 U.S. 938, 89 S.Ct. 2004, 23 L.Ed.2d 453 (1968).
We conclude that the narcotics seized were properly received in evidence. Whatever led the officers to the apartment door, there was nothing wrong in law with their listening and then acting on what they heard. State v. Kuznitz, 105 N.J. Super. 33, 37 (Cty. Ct. 1969). Defendant would have had them get a search warrant. The reasonableness of a warrantless search depends on the circumstances present at the moment. A policeman cannot be expected to strip himself of his experience and expert knowledge. State v. Contursi, 44 N.J. 422 (1965). The situation here demanded immediate action; there might have been nothing to seize had there been any delay. A search warrant was not necessary.
Defendant argues that the search which followed the arrest was illegal. Not so. The narcotics were in plain view on the living room table, and the rest of the contraband was obviously in the control of Coltrane and defendant, i.e., within the ambit of possession. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), does not factually apply in the present circumstances and, further, should not be given retroactive effect.
The next main attack is on alleged errors by the trial judge in the reception of evidence. We conclude that: (1) The ruling that defense counsel could not inquire as to Coltrane's whereabouts was proper. She was not being tried; defendant was, and whether Coltrane fled or not was *561 not relevant with respect to defendant's guilt or innocence. Moreover, the scope of cross-examination was within the judge's sound discretion. (2) The ruling that defense counsel could not inquire into Officer Bimbo's prior knowledge of Coltrane as a narcotics user and a prostitute was correct, not only because it represented a proper exercise of judicial discretion but also because it was not relevant to defendant's guilt or innocence. (3) The trial judge properly permitted the State to rebut defendant's testimony that Coltrane had not said to him, "Aren't you going to take the weight for this?" Rebuttal testimony for the purpose of contradicting a specific subject introduced on cross-examination of a defense witness is proper. State v. Steensen, 35 N.J. Super. 103, 107 (App. Div. 1955). The trial judge also properly restricted defense counsel's cross-examination on the rebuttal because that cross-examination was directed to matters other than what was presented on rebuttal.
The Public Defender has presented a number of points at defendant's special request, and we dispose of them summarily. (1) The verdict was not against the weight of the evidence. See R. 2:10-1. (2) The trial judge's charge on constructive possession accorded with what was said in State v. Reed, 34 N.J. 554 (1961), where the court cited State v. Labato, 7 N.J. 137, 148 (1951). (3) It was not error to permit the State to move the indictment against defendant alone. Coltrane had jumped bail, and defense counsel knew it. (4) Defendant was not denied a preliminary hearing. He admits that he cannot document his contention and his counsel says that he is unable to affirm or disaffirm it. The record shows that a preliminary hearing was in fact held. And, as was said in State v. Smith, 32 N.J. 501, 536 (1960), cert. den. 364 U.S. 936, 81 S.Ct. 383, 5 L.Ed.2d 367 (1960), the right to a preliminary hearing "is not so vital that the failure to afford it will invalidate an indictment or a conviction. The right was not known at the common law and is not a constitutional requirement."
Affirmed.